UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288

December 23, 2014

James L. Otway, Esq.
Otway, Russo and Rommel, PC
108 Downtown Plaza
P.O. Box 4096
Salisbury, MD 21803

Jo Anna Schmidt, Esq.
Schmidt, Dailey and O'Neill, LLC
231 E. Baltimore Street, Suite 1400
Baltimore, MD 21202

Edward Magee, Esq.
Office of the Maryland Attorney General
653 W. Pratt Street
Baltimore, MD 21201

Subject:   Tyndall v. The Berlin Fire Company, et al.
           Civil No.: ELH-13-2496

Dear Counsel:

This case has been referred to me pursuant to 28 U.S.C. § 636 and Local Rule 301 for the resolution of a discovery dispute. (ECF No. 44.) Currently pending are the third-party Motion to Quash Subpoena Duces Tecum with Regard to the Confidential Files Records and Files [sic] of the MIEMSS Incident Review Committee ("movant's Motion") (ECF No. 45) and Plaintiff's Motion to Compel MIEMSS and Response to MIEMSS's Motion to Quash Subpoena Duces Tecum ("plaintiff's Motion") (ECF No. 43). I have reviewed the pleadings and the exhibits relevant to the Motions. (ECF Nos. 43, 45, and 47.) No hearing is deemed necessary. Loc. R. 105.6. For the reasons stated below, movant's Motion (ECF No. 45) is hereby granted and plaintiff's Motion (ECF No. 43) is hereby denied.

Plaintiff's Complaint asserts claims for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., harassment and retaliation, and intentional infliction of emotional distress. Generally, plaintiff alleges that he was wrongfully discriminated against by his former employer, the Berlin Fire Company ("BFC"), and certain other employees of BFC, in their individual capacities, on the basis of his sexual orientation.

Plaintiff claims that one instance of discrimination occurred at the scene of a motor vehicle collision on December 26, 2012. Specifically, plaintiff alleges that other BFC employees refused to assist him in providing medical care to the front-seat passenger. According to plaintiff, these employees were retaliating against him because he filed a discrimination and harassment complaint with the Town of Berlin ("Town"), causing BFC to lose its funding from the Town. The Mayor and Town Council of the Town subsequently requested that the Maryland Institute for Emergency Medical Services Systems ("MIEMSS") formally investigate the

Tyndall v. The Berlin Fire Company, et al.
Civil No.: ELH-13-2496
December 23, 2014
Page 2

December 26, 2012 occurrence.[1]  Pursuant to Education Article § 13-504(a) of the Maryland Code, MIEMSS is responsible for the coordination of emergency medical services in Maryland, including the evaluation of the qualifications, competence, and performance of providers of health care.  (ECF No. 45 at 6-7.)  Such evaluation, and any subsequent disciplinary measures taken, are carried out by the MIEMSS incident review committee, which constitutes a medical review committee under Health Occupations Article § 1-401.[2]  (Id. at 7-8.)

Plaintiff served a subpoena and Notice of Deposition *Duces Tecum* on the MIEMSS custodian of records, which requests documents related to the MIEMSS investigation of the December 26, 2012 occurrence.  MIEMSS objects to the subpoena, asserting the medical review privilege, and argues that, pursuant to Health Occupations Article § 1-401(d)(1), "the proceedings, records, and files of a medical review committee are not discoverable . . . in any civil action."  (ECF No. 45 at 8-9.)  Plaintiff asserts that federal law controls this case, and a medical review privilege does not exist under federal law.  (ECF No. 43 at 6-7.)  Plaintiff further claims that such a privilege is inapplicable here because the subpoena seeks information pertaining to the BFC employees' refusal to assist with transportation, information which the MIEMSS incident review committee was not statutorily obligated to gather and evaluate.  (Id. at 10.)

In support of its position, MIEMSS cites to Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A., et al., 162 F.R.D. 94 (D. Md. 1995) (Blake, J.), where the court held that a physician's opinion regarding the competence of a former resident was not discoverable under the federal self-critical analysis privilege.  Id. at 102.  There, plaintiff filed an action for discrimination and defamation against her employer.  Id. at 96.  During discovery, the defendants moved to compel the deposition testimony of Dr. Paul S. Wheeler, who was familiar with plaintiff's abilities by virtue of his involvement as the administrator of a risk prevention program at the hospital where plaintiff completed her residency.  Id.  The court applied the self-critical analysis privilege,[3]

---

[1] MIEMSS provided the affidavit of its chief compliance officer, Ronald Schaefer.  (ECF No. 45 at 16.)  Mr. Schaefer relates that the MIEMSS incident review committee commenced two investigations: (1) first, to determine whether any Maryland emergency medical services providers engaged in conduct during the December 26, 2012 occurrence which violated the standing orders promulgated by MIEMSS; and (2) second, to evaluate the workplace conduct of emergency medical services providers.  (Id. at 17-18.)  The second investigation was suspended pending the outcome of this case.  Id. at 9.

[2] A "medical review committee" is a committee or board that performs at least one of the following functions: (1) evaluates and seeks to improve the quality of health care provided by providers of health care; (2) evaluates the need for and the level of performance of health care provided by providers of health care; (3) evaluates the qualifications, competence, and performance of providers of health care; or (4) evaluates and acts on matters that relate to the discipline of any provider of health care.  MD. CODE ANN., HEALTH OCC. § 1-401(a)(3)(ii), (c)(1)-(4) (West 2014).

[3] The Brem court noted that cases in which other courts had not applied the self-critical analysis privilege were factually distinguishable.  Brem, 162 F.R.D. at 101.  See, e.g., Mem'l Hosp. for McHenry County v. Shadur, 664 F.2d 1058 (7th Cir. 1981) (privilege did not extend to defendant hospital in federal anti-trust case where plaintiff alleged that a hospital committee denied him staff privileges in furtherance of an unlawful restraint of trade); LeMasters v. Christ Hosp., et al., 791 F.Supp. 188 (S.D. Ohio 1991) (privilege did not extend to defendant hospital's peer review information where plaintiff alleged the termination and suspension of her staff privileges by the

Tyndall v. The Berlin Fire Company, et al.
Civil No.: ELH-13-2496
December 23, 2014
Page 3

which requires that: (1) the information sought be the product of an internal review designed to improve procedures; (2) the information be intended to remain confidential so as to encourage the free exchange of ideas; and (3) free exchange would be curtailed if the information was discoverable. Id. at 101. The third factor requires balancing "the public interest carried out by protecting the confidentiality of the internal review proceedings against the need of the party seeking discovery to prove its case." Id. (citing Etienne v. Mitre Corp., 146 F.R.D. 145, 147 (E.D.Va 1993)). In Brem, the court concluded that disclosure was not warranted because the public interest in promoting and improving quality health care would be frustrated if any risk prevention materials were disclosed. Brem, 162 F.R.D. at 102.[4]

Based upon an application of the above factors to this case, the undersigned concludes that the documents of the MIEMSS incident review committee are not discoverable. The purpose of the MIEMSS investigation was entirely in keeping with the purpose of the Maryland medical review committee statute, namely, to determine whether emergency medical services were provided in a manner compliant with state regulations. See MD. CODE ANN., HEALTH OCC. § 1-401(c) (West 2014) (one function of a medical review committee is to evaluate the performance of providers of health care). The information gathered in the investigation was clearly intended to remain confidential so as to encourage the free exchange of ideas.[5] Finally, the public interest in protecting the confidentiality of such information, and thereby ensuring the efficacy of quality assurance reviews is paramount. On the facts of this case, and in the absence of any compelling reason for disclosure proffered by plaintiff, the public interest in maintaining confidentiality outweighs plaintiff's interest in obtaining documents relating to the MIEMSS investigation.

---

defendant hospital constituted sex discrimination). Here, as in Brem, the entity that established the peer review committee is not a party to the action.

[4] Interestingly, neither movant nor plaintiff cited Virmani v. Novant Health, Inc., 259 F.3d 284 (4th Cir. 2001), in which the Fourth Circuit refused to recognize a medical peer review privilege in an action where the plaintiff alleged that his medical staff privileges were terminated because the peer review committee that evaluated his conduct performed its function in a discriminatory manner. Id. at 285-86. The court emphasized the fact that the plaintiff alleged the peer review proceeding itself was conducted discriminatorily, stating that the information sought was "crucial to his attempt to establish that he ha[d] been the subject of disparate treatment." Id. at 288-89. Significantly, the court distinguished cases such as this one, in which the plaintiff's claims arise independently of the peer review proceedings. Id. at 290-91. Here, the MIEMSS investigation was prompted by plaintiff's claims of discrimination against his employer, and plaintiff in no way suggests or alleges that the MIEMSS incident review committee discriminated against him. Compare Braswell v. Haywood Regional Medical Center, 352 F. Supp. 2d 639, 651 (W.D.N.C. 2005) (refusing to recognize a medical peer review privilege because the plaintiff's due process and First Amendment claims "directly involve[d] the operation and procedures of the peer review committees"), with Nelson v. Green, No. 06-cv-70, 2014 WL 2695535, at *1, 3 (W.D.Va June 12, 2014) (recognizing a medical peer review privilege for disciplinary proceedings initiated after the Virginia Board of Social Work received complaints regarding the defendant's evaluation of the plaintiff's daughter, which was the subject of the lawsuit).

[5] Indeed, as noted above, the statute provides that materials relating to a medical review proceeding are not discoverable in any civil action. MD. CODE ANN., HEALTH OCC. § 1-401(d)(1) (West 2014).

Tyndall v. The Berlin Fire Company, et al.
Civil No.: ELH-13-2496
December 23, 2014
Page 4

      For the foregoing reasons, movant's Motion (ECF No. 45) is GRANTED and plaintiff's Motion (ECF No. 43) is DENIED.

      Notwithstanding the informal nature of this letter, it is an Order of the court and will be docketed accordingly.

                Very truly yours,

                /s/

                Beth P. Gesner
                United States Magistrate Judge